UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA MAZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV822 FRB |
| ) | |
| REGIONS BANK, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Regions Bank, Inc.'s Motion to Dismiss Count I (Docket No. 9). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Laura Maze originally brought this action in the Circuit Court of St. Charles County, Missouri, alleging in a two-count Petition that the negligence of defendant Regions Bank, Inc. (Regions Bank), caused plaintiff's father, decedent Anthony A. Sgroi, to fall and sustain injuries which ultimately resulted in his death. Defendant Regions Bank removed the cause to federal court invoking this Court's diversity jurisdiction inasmuch as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332, 1441. Defendant now moves to dismiss Count I of plaintiff's Petition arguing that plaintiff lacks standing to bring the claim. Plaintiff has responded to the motion to which defendant has

replied. For the following reasons, defendant's motion is well taken.

In her Petition, plaintiff claims that the paved portion of defendant's premises, including the walkway leading into its business facility, was not reasonably safe in that it was cracked and uneven. Plaintiff claims that the defendant knew or should have known of this unsafe condition but failed to repair the pavement, barricade the dangerous portions, or warn of the dangerous condition. Plaintiff claims that on or about December 14, 2005, the condition of the pavement caused her father, now deceased, to trip and fall and sustain injuries. In Count I of the Petition, plaintiff brings a claim as plaintiff *ad litem* on behalf of her deceased father for defendant's negligence relating to the condition of the pavement which caused personal injury to the decedent and resulted in medical expenses being incurred by the decedent. In Count II, plaintiff brings a claim on her own behalf for the wrongful death of her father, which occurred on November 30, 2006, allegedly caused by the injuries sustained by the decedent as a result of defendant's negligence.

Under Missouri law, a cause of action for personal injuries not resulting in death does not abate by reason of the party's death, but instead survives to the personal representative of the injured party. Mo. Rev. Stat. § 537.020.1(1); <u>State ex rel. Cunningham v. Wiggins</u>, 156 S.W.3d 473, 476 (Mo. Ct. App. 2005).

"Personal representative," as used in the statute, is that person to whom letters testamentary or letters of administration have been issued in a probate estate. Cunningham, 156 S.W.3d at 476 (citing Carter v. Pottenger, 888 S.W.2d 710, 714 (Mo. Ct. App. 1994)). Because the plaintiff here seeks to pursue the decedent's personal injury claim in Count I as plaintiff *ad litem* and not as personal representative of the decedent's estate, she lacks standing to pursue the decedent's claim for personal injuries. Id.

Contrary to plaintiff's argument, her position as an *ad litem* representative of the decedent is of no instance in the circumstances of this case. Section 537.021.1(1) of the Missouri Revised Statutes authorizes an *ad litem* appointment to maintain a decedent's action instead of the personal representative, "but only for the purpose of pursuing a cause of action for lost chance of recovery or survival." Cunningham, 156 S.W.3d at 476 (citing Caldwell v. Lester E. Cox Med. Centers-South, Inc., 943 S.W.2d 5, 7 (Mo. Ct. App. 1997); Smith v. Tang, 926 S.W.2d 716, 722 n.2 (Mo. Ct. App. 1996)). Because Count I of the Petition here alleges no such cause of action, plaintiff cannot maintain the decedent's personal injury claim as plaintiff *ad litem* and the claim must be dismissed. Id.

In her response to the instant motion, plaintiff requests that, in the event the Court determines to grant the motion and dismiss Count I, she be permitted to apply to the Missouri probate

court for appointment as personal representative of decedent's estate and thereafter be permitted to amend the instant Petition to properly bring the decedent's personal injury claim as personal representative of the decedent's estate. Because of the futility of this request, it should be denied.

Under Missouri law, a personal representative of an estate is appointed by the probate court upon the filing of letters of administration with the court. Johnson v. Akers, 9 S.W.3d 608, 609 (Mo. banc 2000) (per curiam). Such application for letters is to be made to the court within one year of the date of death of the decedent. Mo. Rev. Stat. § 473.050.6. This one-year statute of limitations likewise applies to the appointment of a personal representative. Johnson, 9 S.W.3d at 609. No exception to this one-year limitations period exists except in cases involving "lost chance of recovery or survival" applicable in medical malpractice cases. Id. at 610; Mo. Rev. Stat. § 537.021.1(1).[1] Because the

---

[1]Specifically, Mo. Rev. Stat. § 537.021.1(1) provides:

> 1. The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
>
> (1) A personal representative of the estate of a person whose property is injured, or a person injured or a person entitled to maintain a wrongful death action upon the death of any such person and *such appointment*

instant cause of action does not involve a claim of lost chance of recovery or survival, no exception applies here to permit plaintiff to be appointed by the probate court as personal representative of the decedent's estate outside the one-year limitations period. See generally Johnson v. Akers, 9 S.W.3d 608 (Mo. banc 2000) (per curiam).

The death of the decedent in this cause occurred on November 30, 2006. As such, the one-year limitations period for the filing of letters of administration, and thus for the appointment as personal representative, expired on November 30, 2007. No exception exists in this cause to extend the one-year limitations period. Accordingly, any attempt now to be appointed personal representative of the decedent's estate and to bring an amended claim in this cause of action as the decedent's personal

---

> *in only those cases involving loss chance of recovery or survival shall be made notwithstanding the time specified in section 473.050, RSMo, for the exclusive purpose of pursuing a cause of action related to such injury or wrongful death;* provided that, in such cases, the court in which any such case is brought shall appoint a plaintiff ad litem at the request of the plaintiff or other interested person delineated in section 537.080 and such person shall be entitled to the proceeds of such action. Such plaintiff ad litem may maintain such action instead of the personal representative of the deceased and may maintain the action as an alternative theory in any action under section 537.080[.]

(Emphasis added.)

representative would be futile, and plaintiff's request to do so should be denied. <u>United States ex rel. Lee v. Fairview Health Sys.</u>, 413 F.3d 748, 749 (8th Cir. 2005) (futility is a valid basis for denying leave to amend complaint).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Regions Bank, Inc.'s Motion to Dismiss Count I (Docket No. 9) is granted.

**IT IS FURTHER ORDERED** that plaintiff Laura Maze's Alternative Motion for Leave to Have Personal Representative Appointed (Docket No. 11) is denied.

**IT IS FURTHER ORDERED** that Count I of the plaintiff's Petition is hereby dismissed with prejudice.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _13th_ day of January, 2009.