UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA MAZE,                    )
                               )
               Plaintiff,      )
                               )
          v.                   )    No.  4:08CV822 FRB
                               )
REGIONS BANK, INC.,            )
                               )
               Defendant.      )

## MEMORANDUM AND ORDER

Presently pending before the Court is defendant Regions Bank, Inc.'s Motion for Summary Judgment (Doc. #35) and Motion to Strike (Doc. #49); and plaintiff Laura Maze's Motion to Strike Exhibit F of Defendant Regions Bank, Inc.'s Memorandum in Support of Motion for Summary Judgment and Statement of Uncontroverted Material Facts (Doc. #44).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Laura Maze originally brought this action in the Circuit Court of St. Charles County, Missouri, alleging in a two-count Petition that the negligence of defendant Regions Bank, Inc. (Regions Bank), caused plaintiff's father, decedent Anthony A. Sgroi, to fall and sustain injuries which ultimately resulted in his death.  Defendant Regions Bank removed the cause to federal court invoking this Court's diversity jurisdiction inasmuch as complete diversity exists between the parties and the amount in

controversy exceeds $75,000.00.  28 U.S.C. §§ 1332, 1441.

In her Petition, plaintiff claims that the paved portion of defendant's premises, including the walkway leading into its business facility, was not reasonably safe in that it was cracked and uneven.  Plaintiff claims that the defendant knew or should have known of this unsafe condition but failed to repair the pavement, barricade the dangerous portions, or warn of the dangerous condition.  Plaintiff claims that on or about December 14, 2005, the condition of the pavement caused her father to trip and fall and sustain injuries; and that on November 30, 2006, he died as a result of said injuries.  Count I of the Petition, in which plaintiff brought a claim as plaintiff *ad litem* on behalf of her deceased father for defendant's alleged negligence, was previously dismissed by the Court.  (See Memo. & Order, filed Jan. 13, 2009, Doc. #17.)  Remaining before the Court for disposition is Count II of the Petition, in which plaintiff claims, on her own behalf, that the wrongful death of her father was allegedly caused by the injuries sustained by him as a result of defendant's negligence.

Defendant now moves for summary judgment arguing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Specifically, defendant contends that the undisputed evidence shows the condition of the sidewalk at issue not to be unreasonably safe as a matter of law

inasmuch as the "rise" in the sidewalk between the concrete slabs over which the decedent tripped was only one-half of an inch. Defendant further argues that because this minimal rise in the sidewalk did not create an unsafe condition as a matter of law, it could not have known that the sidewalk was in an unsafe condition and thus is not liable for any injuries allegedly resulting therefrom. Finally, defendant contends that plaintiff is unable to establish that the decedent's fall on defendant's premises caused his death inasmuch as the testimony of plaintiff's expert witness as to such causation is inadmissible as a matter of law. Plaintiff has responded to the motion to which defendant has replied.

Pursuant to Fed. R. Civ. P. 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon her

pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. <u>Celotex</u>, 477 U.S. at 324. To oppose summary judgment successfully, the plaintiff "must show that admissible evidence will be available at trial to establish a genuine issue of material fact." <u>Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.</u>, 49 F.3d 1334, 1337 (8th Cir. 1995).

Throughout the briefing on defendant's Motion for Summary Judgment, the parties have filed motions seeking to strike various exhibits, or portions thereof, which were filed in support of the parties' respective positions on summary judgment. Because whether, and to what extent, the Court considers such challenged exhibits necessarily impacts the determination of defendant's Motion for Summary Judgment, the Court turns first to the motions to strike.

A.    <u>Plaintiff's Motion to Strike Exhibit F of Defendant Regions Bank, Inc.'s Memorandum in Support of Motion for Summary Judgment and Statement of Uncontroverted Material Facts</u>

The decedent, Anthony Sgroi, fell while on the premises of defendant Regions Bank on December 14, 2005. On the following date, Mr. Sgroi underwent surgery for repair of a fractured left hip. On January 25, 2006, at a time subsequent to Mr. Sgroi's hospital stay relating to his surgery and recovery, defendant's insurance representative visited Mr. Sgroi at his home to conduct an interview with Mr. Sgroi relating to the fall which occurred on December 14, 2005. Mrs. Sgroi and the plaintiff, Laura Maze, were

present during this interview. The interview was tape recorded by the insurance representative with the knowledge and consent of Mr. Sgroi. Defendant Regions Bank submitted the transcript of this interview as Exhibit F in support of its Motion for Summary Judgment.

During this interview, the insurance representative asked Mr. Sgroi if there were any foreign objects on the sidewalk at issue which may have caused him to fall. In response, Mr. Sgroi stated, "No, the sidewalk was clear." (Deft.'s Mot. Sum. Judg, Exh. F at p. 5.) When describing his fall and the assistance he received subsequent to the fall, Mr. Sgroi stated, "All I remember is that doggone sidewalk. It was a difference of about a half an inch higher than the first sidewalk." (Id. at p. 7.) Throughout this interview, unidentified persons designated as "Other" made various corrections and clarifications to some of Mr. Sgroi's statements. No attempts were made to correct or clarify the specific statements set out above.

Plaintiff seeks to strike Exhibit F arguing that it is inadmissible and thus cannot be considered by the Court when determining defendant's Motion for Summary Judgment. Plaintiff specifically argues that the transcription of the interview constitutes hearsay under Fed. R. Evid. 801; does not fall within any of the hearsay exceptions of Fed. R. Evid. 803, 804, or 807; and is not admissible under Mo. Rev. Stat. § 491.010, Missouri's

Dead Man's Statute.

In response, defendant first argues that the statements are not hearsay under Fed. R. Evid. 801(d)(2)(B) and instead constitute a party's admissions against interest inasmuch as plaintiff effectively adopted a belief in the truth of Mr. Sgroi's statements when she remained silent and failed to correct or clarify such statements during the interview. Defendant contends that such manifestation of belief is heightened here inasmuch as corrections and clarifications were made to various other of Mr. Sgroi's statements, but not to those at issue. Defendant's argument is without merit. It is undisputed that plaintiff Laura Maze was not present at the time Mr. Sgroi fell, nor had knowledge at the time of the interview of the exact location of the fall. "If the matter is something not within [her] knowledge, . . . then no inference of assent can be drawn from [her] silence." <u>In re Estate of Dawes</u>, 891 S.W.2d 510, 520 (Mo. Ct. App. 1994).

Defendant also argues that the statements constitute a party's admissions against interest under Fed. R. Evid. 801(d)(2)(C) inasmuch as Mr. Sgroi was "authorized" to make the statements, given that he was most familiar with the subject.[1] While Mr. Sgroi had actual knowledge of the subject of his fall, it

_____

[1]Rule 801(d)(2)(C) states that a statement constitutes an admission by a party-opponent and is not hearsay if "[t]he statement is offered against a party and is [] a statement by a person authorized by the party to make a statement concerning the subject[.]"

cannot be said that he was authorized or directed *by the plaintiff* to make the challenged statements, such that plaintiff, as the party-plaintiff to this action, is bound by them.

Nor do the statements fall within the hearsay exception set out in Fed. R. Evid. 804(b)(3), that is, statements against the declarant's interest, as argued by defendant. Under Rule 804(b)(3), a declarant's statement against interest is not excluded by the hearsay rule if the declarant is unavailable and the statement was, "at the time of its making so far contrary . . . to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Here, a review of the transcript in its entirety shows the confusing nature of the interview with numerous clarifications and corrections made throughout by persons other than Mr. Sgroi. Also throughout this interview, persons other than Mr. Sgroi made statements regarding his confusion about the incident since its occurrence. In these circumstances, it cannot be said that Mr. Sgroi was fully able to appreciate during this interview that his statements were arguably against his interest. Nor has defendant presented any evidence that Mr. Sgroi was aware at that time that he had any claim against the defendant. As such, the hearsay exception under Fed. R. Evid. 804(b)(3) does not apply to the statements at issue. See United States v. Two Shields, 497 F.3d 789, 793 (8th Cir. 2007); see also

United States v. Chase, 451 F.3d 474, 480 (8th Cir. 2006) (court must examine circumstances under which statement was given); Stephens, Inc. v. Geldermann, Inc., 962 F.2d 808, 812 (8th Cir. 1992) (same). For these same reasons, and specifically, the confusing nature of the interview, the constant interjections by others during the interview, and the confused state of the Mr. Sgroi, it cannot be said that there exist circumstantial guarantees of trustworthiness such that the statements are admissible under Fed. R. Evid. 807. Two Shields, 497 F.3d at 794.

Defendant does not respond to plaintiff's argument that the statements are not admissible under Missouri's Dead Man's Statute. Nevertheless, a review of plaintiff's argument in this regard shows it to be well taken. In its Motion for Summary Judgment, defendant seeks to offer the decedent's statements as evidence that plaintiff's claim fails as a matter of law. The decedent's statements are not offered *in response to* any testimony by an adverse party or agent relating to the matter at issue. See American Family Mut. Ins. Co. v. Miller Mut. Ins. Ass'n, 971 S.W.2d 940, 942 (Mo. Ct. App. 1998); Harrison v. Harrison Turf Co., 908 S.W.2d 159, 161 (Mo. Ct. App. 1995) (prerequisite to admission of decedent's relevant statements under § 491.010.2 "is that the adverse party shall have testified."). As such, for purposes of the instant Motion for Summary Judgment, the decedent's statements are not admissible under Missouri's Dead Man Statute, Mo. Rev.

Stat. § 491.010.

Accordingly, the transcribed statements set out in Exhibit F to defendant's Motion for Summary Judgment, are not admissible for purposes of determining the instant summary judgment motion and shall not be considered. Plaintiff's Motion to Strike Exhibit F is granted.

B.    Defendant's Motion to Strike

    1.    *Photographs*

On December 15, 2005, the day immediately following Mr. Sgroi's fall, plaintiff Laura Maze went to premises of Regions Bank and photographed various outside locations of the bank. At the time plaintiff took these photographs, she did not know the exact location of her father's fall but knew that he had fallen on the sidewalk leading to the entrance of the bank. Plaintiff's photographs show a handicapped parking space in the parking lot of the bank, a curb bordering the parking lot and leading to a paved walkway, portions of sidewalk pavement and gaps between sidewalk slabs, sidewalk pavement terminating at the parking lot, and portions of the parking lot. Plaintiff avers that on January 4, 2006, bank representatives photographed a portion of the sidewalk leading to the entrance of the bank. Plaintiff's photographs, as well as certain of those averred to be taken by the bank representatives, are submitted as Exhibit 1 in support of plaintiff's opposition to defendant's Motion for Summary Judgment.

Defendant seeks to strike Exhibit 1 in its entirety arguing that the photographs are inadmissible and thus cannot be considered by the Court when determining defendant's Motion for Summary Judgment.  Defendant specifically argues that the submitted photographs have not been authenticated or established to be relevant.

To be admissible under Fed. R. Evid. 901, a photograph must be shown to be "an accurate representation of the thing depicted as it appeared at the relevant time."  Schmidt v. City of Bella Villa, 557 F.3d 564, 569 (8th Cir. 2009).  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence is generally admissible.  Fed. R. Evid. 402.

Upon review of the photographs at issue and the parties' respective arguments concerning their admissibility at this stage of the proceedings, the undersigned determines, for purposes of determining the instant summary judgment motion, not to strike the photographs as requested by defendant.  The doubts raised by the defendant with respect to the challenged evidence go to its weight, not its admissibility.

2.  *Affidavit*

Plaintiff was deposed in this cause of action on April 8,

2009. At her deposition, plaintiff testified that her father told her that he had tripped over some uneven concrete on the sidewalk going into the bank and that he was close to the bushes. (Pltf.'s Depo. at 29-31.) Plaintiff also testified, however, that she did not know exactly where her father fell because she was not with him at the time of the incident, and he was not able to pinpoint for her exactly where he fell. (Id. at 30-32.) Also at her deposition, plaintiff testified that she did not measure the separation between the concrete slabs of sidewalk over which Mr. Sgroi allegedly fell. Plaintiff testified that she was not an expert "on anything like that." (Id. at 35.) When plaintiff was asked specifically as to whether she could tell what the separation was, plaintiff testified that all she knew was that "it was enough to where he tripped." (Id. at pp. 35-36.)

In her affidavit submitted in support of her opposition to defendant's Motion for Summary Judgment, plaintiff attested that the day after her father fell, she took photographs of the general area where he fell and that, based upon her recollection of the area where he fell and her review of the photographs depicting the location, "the difference in elevation between the abutting concrete slabs where my father fell is at least one inch." (Pltf.'s Affid. at paras. 1, 2.) Plaintiff attested to the statements in this affidavit on June 16, 2009. In the instant motion to strike, defendant argues that plaintiff's affidavit

should be stricken to the extent it contradicts the testimony given at her deposition, and specifically, that she was aware of the location of her father's fall and that the rise in the sidewalk at that location was at least one inch. Defendant contends that such contradictory attestations cannot be used to create genuine issues of material fact to avoid summary judgment. Defendant's argument is well taken.

"[C]ontradictory affidavits will preclude summary judgment only if the prior testimony reflects confusion on the part of the witness and the affidavits explain why the earlier testimony is in conflict with the affidavits." RSBA Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995) (citing Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361 (8th Cir. 1983)). A review of plaintiff's prior deposition testimony in conjunction with her subsequent affidavit shows contradictions between the two, but without explanation therefor in the affidavit or evidence of confusion in the deposition.

Plaintiff demonstrated no confusion during her deposition testimony. Plaintiff testified quite clearly that she did not know the exact location of her father's fall because she was not with him at the time of the fall and her father did not pinpoint the exact location of the fall. Plaintiff likewise was unequivocal in her response to counsel's questions that she did not know the measure of separation between sidewalk slabs; only that there was

enough of a separation over which her father could trip.  In her subsequent affidavit, plaintiff identifies the measurement of separation at the location of the fall.  The affidavit does not explain, however, why she provided conflicting testimony at her deposition that she in fact had no knowledge of these details.

In her reply brief, plaintiff argues that she was never asked in her deposition to estimate the rise difference between the sidewalk slabs, or whether she had an opinion as to whether the rise was more or less than an inch.[2]  Plaintiff contends, therefore, that her subsequent attestation as to the rise measuring at least one inch did not in fact conflict with her deposition testimony.  A review of the relevant portion of the deposition testimony shows plaintiff to have been asked specifically about the measurement of separation between the slabs and that she could provide no specific measurement:

> Q.  Did you ever take any measurements how much of a separation there was?
>
> A.  I didn't take no measurements.  I'm not an expert on anything like that.
>
> Q.  So you won't be able to tell me what the separation was?
>
> A.  I know it was up enough to where he tripped.

---

[2]The undersigned presumes that plaintiff makes this argument to infer that if defense counsel had specifically asked plaintiff to estimate the rise difference between sidewalk slabs at an otherwise unknown location, she would have testified that it was at least one inch.  See, e.g., Schiernbeck v. Davis, 143 F.3d 434, 438 (8th Cir. 1998).

That's all I know.

(Pltf.'s Depo. at 35-36.)

With this questioning, plaintiff was given ample opportunity to provide information relating to her belief as to what the measure of separation was between the concrete slabs, and stated that all she knew was that it was enough over which to trip. Counsel's questions to plaintiff regarding the separation in the sidewalk pavement were neither misleading nor confusing.

Upon review of the deposition testimony and plaintiff's subsequent affidavit, the undersigned finds the relevant statements in plaintiff's deposition and affidavit to be plainly inconsistent. Because there appears to be no confusion in the deposition, nor any explanation provided for the affidavit's inconsistency, paragraphs 1 and 2 of the affidavit will not be considered, in themselves, to create a genuine issue of material fact to avoid summary judgment. Schiernbeck v. Davis, 143 F.3d 434, 438-39 (8th Cir. 1998).

C.    Defendant's Motion for Summary Judgment

To the extent defendant argues that, as a matter of law, a one-half inch rise between concrete slabs does not constitute an unsafe condition, there is no admissible evidence presently before the Court demonstrating that the rise over which the decedent allegedly fell was in fact one-half of an inch. Accordingly, because defendant has failed to establish that it is entitled to judgment on the basis of the rise between the sidewalk slabs, its

Motion for Summary Judgment should be denied on such basis.

To the extent defendant argues that plaintiff cannot establish causation with respect to the death of the decedent inasmuch as there is no admissible evidence of such causation, this argument likewise fails. In this regard, defendant challenges the testimony of plaintiff's designated expert witness, Dr. James Burke, the orthopaedic surgeon who performed the decedent's hip surgery subsequent to the fall.

The undisputed evidence before the Court shows Dr. Burke to have performed surgery in relation to the decedent's fractured hip on December 15, 2005, after which the decedent visited Dr. Burke for follow up in February 2006. The decedent did not visit Dr. Burke at any time subsequent thereto. Nor did Dr. Burke have any specific knowledge relating to decedent's health subsequent to this last follow up visit in February 2006. The decedent died in November 2006. At his deposition, Dr. Burke provided testimony that the decedent's broken hip, sustained as a result of his fall upon the defendant's premises in December 2005, was a significant factor which contributed to his subsequent death in November 2006. As a basis for this testimony, Dr. Burke relied on orthopaedic literature, including the Journal of Bone and Joint Surgery (2008) — described by Dr. Burke as peer-reviewed literature — which states that, within one year of such an injury, the mortality rate for persons so injured is fourteen to forty-seven percent, irrespective

of other health conditions.  Dr. Burke testified that, because the decedent here died within one year of his hip injury, such circumstance placed him within that fourteen to forty-seven percent rate of mortality, which, Dr. Burke testified, is significant even at the low range.

In the instant Motion for Summary Judgment, defendant seeks to exclude the testimony of Dr. Burke, arguing that Dr. Burke's opinion regarding the increased mortality rate of persons with hip injuries is irrelevant under the standards set out in Daubert[3] and its progeny, inasmuch as Dr. Burke failed to relate such mortality rate to the circumstances of the decedent's death here as demonstrated by his failure to review the decedent's medical records prior to rendering his opinion.  Plaintiff has responded to defendant's argument to which defendant has replied.

Rule 702, Federal Rules of Evidence, governs the admissibility of expert testimony and allows testimony based upon "scientific, technical, or other specialized knowledge," if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue[.]"  The trial court is charged with the duty to ensure that testimony admitted under Rule 702 "is not only relevant, but reliable."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Weisgram v. Marley Co., 169 F.3d 514, 517 (8th Cir. 1999).  Plaintiff, as the proponent of the

---

[3]Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

challenged expert evidence here, bears the burden of proving by a preponderance of the evidence that the conditions of admissibility exist. <u>Lauzon v. Senco Prods., Inc.</u>, 270 F.3d 681, 686 (8th Cir. 2001); <u>Pillow v. General Motors Corp.</u>, 184 F.R.D. 304, 307 (E.D. Mo. 1998).

In <u>United States v. Vesey</u>, 338 F.3d 913 (8th Cir. 2003), the Eighth Circuit explained that:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. <u>See Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 142, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, <u>see</u> <u>Arkwright Mut. Ins. Co. v. Gwinner Oil[, Inc.] Co.</u>, 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it "is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; <u>see also</u> <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

<u>Vesey</u>, 338 F.3d at 916-17.

The Court's inquiry under Fed. R. Evid. 702 is a flexible one and must be "tied to the facts of [the] particular case." <u>Kuhmo Tire</u>

Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999) (internal quotation marks and citations omitted); Daubert, 509 U.S. at 594. "Too much depends upon the particular circumstances of the particular case at issue." Kuhmo Tire, 526 U.S. at 150. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hartley v. Dillard's, Inc., 310 F.3d 1054, 1061 (8th Cir. 2002) (quoting Bonner v. ISP Techs., Inc., 259 F.3d 924 (8th Cir. 2001)). Accordingly, questions of conflicting evidence must be left for the jury's determination, and a trial court should resolve doubts regarding an expert's testimony "in favor of admissibility." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006). It is also true, however, that if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded. Hartley, 310 F.3d at 1061.

Upon consideration of the circumstances of this case, the undersigned determines plaintiff to have met her burden of demonstrating Dr. Burke's expert testimony to be admissible under Rule 702.

In her claim for relief in the instant cause of action, plaintiff contends that the fall sustained by the decedent on defendant's premises caused him to break his hip, and that such hip

fracture led to and caused his death in November 2006.  To prevail in a wrongful death action in Missouri, the plaintiff must establish that, but for the defendant's actions or inactions, the decedent would not have died.  <u>Sundermeyer v. SSM Reg'l Health Servs.</u>, 271 S.W.3d 552, 554 (Mo. banc 2008).  Two causes that combine can constitute "but for" causation.  <u>Id.</u>  However, the defendant's conduct must "directly cause" or "directly contribute to cause" the claimed injury.  <u>Id.</u> at 555.

> The general rule is that if a defendant is negligent and [its] negligence combines with that of another, or with any other independent, intervening cause, [it] is liable, although [its] negligence was not the sole negligence or the sole proximate cause, and although [its] negligence, without such other independent, intervening cause, would not have produced the injury.

<u>Id.</u> (quoting <u>Harvey v. Washington</u>, 95 S.W.3d 93, 96 (Mo. banc 2003)).

Here, Dr. Burke opined that, based on medical and peer-reviewed literature, the decedent's hip injury significantly contributed to his death which occurred within one year of the injury.  Dr. Burke further opined that, based on the same medical literature, the decedent's other medical issues, if any, were irrelevant inasmuch as a hip injury in itself is the only factor upon which the range of increased mortality rate is based.  Whether and to what extent other factors may have been involved in the decedent's death depends upon particular facts not yet adduced.

- 19 -

The information before the Court shows the credibility of Dr. Burke's testimony to be at issue, not the admissibility, inasmuch as it is the factual basis of Dr. Burke's opinion which is in dispute. As such, "it is up to the opposing party to examine the factual basis for the opinion in cross-examination." <u>Hartley</u>, 310 F.3d at 1061.

Upon review of the parties' respective arguments and the evidence submitted to the Court in support thereof, the Court is satisfied that, for purposes of summary judgment, Dr. Burke's expert opinion is based upon sufficient facts, is the product of reliable principles and methods and that Dr. Burke has applied the principles and methods reliably to the facts of the case. Because factual disputes exist which may serve to discredit Dr. Burke's opinion, such disputes may be brought out at trial by the defendant through cross-examination and the presentation of contrary evidence. For purposes of the instant motion, however, these factual challenges serve to prevent defendant from obtaining summary judgment. <u>See</u> <u>Sundermeyer</u>, 271 S.W.3d at 555 (viewing record in light most favorable to non-moving party, expert testimony sufficient to provide requisite evidence of causation to survive summary judgment).

Therefore, on the admissible evidence before the Court for consideration, and viewing all facts and inferences in the light most favorable to the non-moving party, <u>Matsushita Elec.</u>

_Indus. Co._, 475 U.S. at 587, it cannot be said that defendant has established its right to judgment with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail under any discernable circumstances. _Vette Co. v. Aetna Cas. & Sur. Co._, 612 F.2d 1076, 1077 (8th Cir. 1980). Because there exist genuine issues of material fact in dispute between the parties, defendant's Motion for Summary Judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Laura Maze's Motion to Strike Exhibit F of Defendant Regions Bank, Inc.'s Memorandum in Support of Motion for Summary Judgment and Statement of Uncontroverted Material Facts (Doc. #44) is granted.

**IT IS FURTHER ORDERED** that defendant Regions Bank, Inc.'s Motion to Strike (Doc. #49) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Regions Bank, Inc.'s Motion for Summary Judgment (Doc. #35) is denied.

_Frederick R. Buckles_

UNITED STATES MAGISTRATE JUDGE

Dated this  _6th_  day of October, 2009.